# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATIONAL CREDIT UNION ADMINISTRATION BOARD, acting in its capacity as Liquidating Agent for TELESIS COMMUNITY CREDIT UNION, a California state chartered credit union,**

        **Plaintiff,**

**v.**

**NADLAN CORTEEN PLACE APARTMENTS, LLC, a California limited liability company, GERSHON SCHUSTERMAN, an individual and BARRY KOHN, an individual, PERKINS & MARIE CALLENDERS, LLC, a Delaware limited liability company, S&A PROPERTIES, CORP., a dissolved Delaware corporation, STEAK & ALE OF FLORIDA, INC., a dissolved Florida corporation, and S&A RESTAURANT CORP, a dissolved Delaware Corporation.**

        **Defendants.**

**Case No: 6:13-cv-00673-GAP-GJK**

## ORDER

This cause comes before the Court on a renewed motion to dismiss (Doc. 49) filed by Defendants Nadlan Corteen Place Apartments, LLC, Gershon Schusterman, and Barry Kohn, and an opposition (Doc. 51) filed by Plaintiff, the National Credit Union Administration Board, as liquidating agent for Telesis Community Credit Union.

**I.    Background**

On or before May 30, 2012, Telesis Community Credit Union ("TCCU") was placed into

involuntary liquidation, and the National Credit Union Administration Board ("NCUA") was appointed liquidating agent of TCCU. On February 1, 2013, NCUA filed an Amended Complaint (Doc. 23) (the "Amended Complaint") seeking collection on two promissory notes (the "Notes") executed by Defendant Nadlan Corteen Place Apartments, LLC ("Nadlan") in favor of TCCU, and the personal guarantees of notes executed by Defendants Gershon Schusterman ("Schusterman") and Barry Kohn ("Kohn"), as well as foreclosure of the associated mortgages (the "Mortgages"). Nadlan executed the Notes and Mortgages to obtain purchase money for two properties: one located in Orange County, Florida and one located in Escambia County, Florida. On or about December 2, 2011, Nadlan defaulted on both of the Notes and Mortgages, and NCUA subsequently filed a lawsuit.

**II.     Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a

liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

### III.  Analysis

Defendants make three arguments in support of dismissal: (1) this Court lacks subject matter jurisdiction; (2) NCUA lacks standing; (3) the Amended Complaint lacks verification and attachment of required documents; and (4) NCUA failed to fulfill a condition precedent of the Mortgages and Notes.

Clearly this Court has subject matter jurisdiction, pursuant to 12 U.S.C.A. § 1789(a)(2):

> [a]ll suits of a civil nature at common law or in equity to which the [NCUA Board] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy.

12 U.S.C.A. § 1789. Defendants argue that the forum selection clause in the Notes disrupts this Court's subject matter jurisdiction. However, no action of parties can confer subject matter jurisdiction upon a federal court, consent of the parties is irrelevant. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Even if the forum selection clause was somehow controlling, it clearly states federal courts have jurisdiction:

> Consent to Jurisdiction and Venue: Borrower agrees that any controversy arising under or in relation to the note shall be litigated exclusively in the jurisdiction in which the land is located (the "Property Jurisdiction"). The State *and Federal Courts* and authorities with jurisdiction in the Property Jurisdiction shall have

>
> exclusive jurisdiction over all controversies which shall arise under or in relation to this Note.

(emphasis added).  Regardless, motions to dismiss based upon choice of forum and governing law provisions are not properly brought as motions to dismiss for lack of subject matter jurisdiction, but rather motions to dismiss for improper venue.  *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1289 (11th Cir. 1998).

Defendants claim that the Middle District of Florida does not have jurisdiction over a property that is located in the jurisdiction of the Northern District of Florida.  Defendants cite Local Rule 3.1(A)(1) of the United States District Court for the *Northern District of Florida*, which is clearly inapplicable.[1]  The Middle District of Florida is the proper venue in this matter.  Under 28 U.S.C. § 1391(b)(2), civil actions brought in the federal district courts may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or *a substantial part of property that is the subject of the action is situated*[.]"  28 U.S.C.A. § 1391 (emphasis added).  A substantial part of the real property that is the subject of this suit is the Orange County Property located at 2001 Consulate Drive, Orlando, Florida.  Therefore, venue in the Middle District of Florida is proper.

Defendants make several other arguments which are without merit.  For example, Defendants argue that Florida circuit courts have subject matter jurisdiction over adjudication of mortgage foreclosures, pursuant to Florida Statutes § 702.01.  However, Florida Statutes § 702.01 does not even address subject matter jurisdiction, and is inapplicable.[2]

---

[1] Northern District of Florida Local Rule 3.1(A)(1) states: "Pensacola Division shall be composed of the following counties: Escambia, Santa Rosa, Okaloosa and Walton."

[2] Florida Statute § 702.01 states: "all mortgages shall be foreclosed in equity. In a mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the court without a jury." Fla. Stat. Ann. § 702.01.

Defendants claim that the Amended Complaint is deficient because NCUA did not attach documents reflecting it has standing to bring this suit. Pursuant to 12 U.S.C.A. § 1787(1)(A), the NCUA shall, "upon its finding that a Federal credit union insured under this subchapter is bankrupt or insolvent . . . close such credit union for liquidation and appoint itself liquidating agent[.]" As liquidating agent, NCUA succeeded to "all rights, titles, powers and privileges of the credit union, and of any member, accountholder, officer, or director of such credit union with respect to the credit union and the assets of the credit union." 12 U.S.C.A. § 1787(2)(A)(i). Therefore, NCUA has standing by operation of statute. In addition, NCUA attached documentation to the Amended Complaint (as Exhibit "C") appointing NCUA the liquidator of TCCU.

Defendants' claim that the amended complaint needed to be verified is incorrect.[3] Verified pleadings are not necessary in federal practice unless specifically required by rule or statute. Fed. R. Civ. P. 11(a).

Defendants claim that Plaintiff failed to provide notice to Defendants prior to debt acceleration, which was a condition precedent of the Mortgages and Notes. Satisfaction of conditions precedent is not a matter that is adjudicated on a motion to dismiss. *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2490450, *4-5 (S.D. Fla. June 18, 2008). In the pleading stage, it is sufficient to allege generally that all conditions precedent have been performed. Fed. R. Civ. P. 9(c). The Amended Complaint alleges "Plaintiff has complied with all conditions precedent to the institution of this action, or such conditions have been waived, excused or prevented." This Court must take Plaintiff's general declaration of compliance with conditions precedent as true at this stage. *See Thompson v. Kindred Nursing Centers E., LLC*,

---

[3] Defendants cite Florida Rule of Civil Procedure 1.110(b) for this proposition.

211 F. Supp. 2d 1345, 1356 (M.D. Fla. 2002).  Even if the timing of this argument was appropriate, notice of debt acceleration was not stated as a condition precedent in the Notes or Mortgages, nor is it required by Florida law.  See *David v. Sun Fed. Sav. & Loan Ass'n,* 461 So. 2d 93, 96 (Fla. 1984) (holding "the law does not require a mortgagee to notify a mortgagor of his intent to exercise his option to accelerate prior to instituting a foreclosure suit, but requires only that the option be exercised prior to tender of amounts due from the mortgagor").

In light of the foregoing, it is therefore,

**ORDERED** that Defendants' Motion to dismiss (Doc. 49) is **DENIED**.  Defendants shall answer the Complaint by June 28, 2013.

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties