# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATIONAL CREDIT UNION ADMINISTRATION BOARD,**

   **Plaintiff,**

**v.**                **Case No: 6:13-cv-673-Orl-31GJK**

**NADLAN CORTEEN PLACE APARTMENTS, LLC, GERSHON SCHUSTERMAN, BARRY KOHN, PERKINS & MARIE CALLENDERS, LLC, S & A PROPERTIES, CORP., STEAK & ALE OF FLORIDA, INC and S & A RESTAURANT CORP.,**

   **Defendants.**

## ORDER

This matter is before the Court on Defendant Nadlan Corteen Place Apartments, LLC, Gershon Shusterman, and Barry Kohn's (collectively "Nadlan Defendants") Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Doc. 87) and Plaintiff National Credit Union Administration Board's ("NCUAB") response in opposition (Doc. 93).

28 U.S.C. § 1354 provides a broad grant of federal jurisdiction over all civil actions *commenced* by the United States or an agency thereof. Clause (a)(2) of 12 U.S.C. § 1789 expands that jurisdiction to include all civil actions in which the NCUAB is a party. *See Nat'l Credit Union Admin. Bd. v. Regine*, 749 F. Supp. 401, 410 (D.R.I. 1990) ("Section 1789(a)(2) grants federal jurisdiction to all civil suits to which NCUA is a party . . . ."); *Fed. Sav. & Loan Ins. Corp. v. Ticktin*, 490 U.S. 82, 86 (1989) (analyzing nearly identical language in 12 U.S.C. § 1730 and finding that language expands the federal court's jurisdiction beyond the bounds of § 1345). Thus when the

NCUAB is sued, § 1789 gives it the right to remove the case to federal court. But this right of removal is limited by the proviso that excludes cases in which "the Board is a party in its capacity as liquidating agent of a State-chartered credit union and which involves only the rights or obligations of members, creditors, and such State credit union under State law shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1789(a)(2). Here that proviso has no application because the NCUAB commenced this action. This Court, therefore, has jurisdiction over this case and the Defendants' Motion to Dismiss (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party