# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATIONAL CREDIT UNION**
**ADMINISTRATION BOARD,**

      **Plaintiff,**

**v.**                                                                           **Case No: 6:13-cv-673-Orl-31GJK**

**NADLAN CORTEEN PLACE**
**APARTMENTS, LLC, GERSHON**
**SCHUSTERMAN, BARRY KOHN,**
**PERKINS & MARIE CALLENDERS,**
**LLC, S & A PROPERTIES, CORP.,**
**STEAK & ALE OF FLORIDA, INC and S**
**& A RESTAURANT CORP.,**

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment ("Motion") (Doc. 77), the Defendants' Response in opposition to the Motion ("Response") (Doc. 85), and Plaintiff's Reply in support of the Motion ("Reply") (Doc. 91).

This case presents a relatively straightforward foreclosure matter. Nadlan Corteen Place Apartments, LLC ("Nadlan") took out two loans from Telesis Community Credit Union ("TCCU") for which it executed promissory notes and which were secured by mortgages on two commercial properties located in Pensacola and Orlando, Florida (the "Subject Properties"). Defendants Schusterman and Kohn executed guarantees on the underlying notes. The loans were not timely repaid, and the whole amount of the principle and interest became due pursuant to acceleration clauses in the agreements. National Credit Union Administration Board ("NCUAB") was appointed

as liquidating agent for TCCU in 2012 following TCCU going into involuntary liquidation. Now NCUAB is pursuing foreclosure on the properties as well as judgments on the notes and guarantees.

There is no dispute that the notes in this case are in default. (Doc. 85 at 3). Further, all parties agree that the underlying properties should be sold and fair market value should be established to determine the remaining amount that the Defendants owe NCUAB, if any. (*See id.* at 5-6). Finally, if the fair market value of the properties is less than the amount the Defendants owe the NCUAB, there appears to be no disagreement that the Defendants owe the NCUAB the difference. (*See id.* (presenting no argument that the Defendants would not be liable under the notes or guarantees in the event the fair market value of the properties is less than the amount owed)).

The Defendants, however, assert that summary judgment is inappropriate because the Court has not yet determined the fair market value of the properties. Further, the Defendants argue that the NCUAB is improperly attempting to hold the guarantors, Schusterman and Kohn, liable for attorney's fees incurred based on the notes securing the underlying loans. In other words, the Defendants do not dispute the material facts, rather, they object to what they perceive to be the effect of the prayed for relief in NCUAB's proposed Summary Final Judgment and Decree of Foreclosure and Sale ("Plaintiff's Proposed Judgment").[1]

Because there is no dispute of material facts in this case, the Motion is due to be granted. Accordingly, the Court will subsequently enter judgment ordering the sale of the subject properties and for liability as to Nadlan, Schusterman, and Kohn, but which is not executable until fair market

---

[1] Upon reviewing Doc. 77-1, Plaintiff's Proposed Judgment, the Court noticed what it believed was a scriveners' error in paragraphs one (1) and two (2), identifying the underlying credit union as Huron River Area Credit Union rather than TCCU. On April 8, 2014, the Court inquired if this was simply an error, and counsel for NCUAB confirmed it was. Counsel for NCUAB has notified the Court that it will file a corrected proposed judgment that will fix the error, but will not alter the substance of the proposed judgment.

value of the Subject Properties has been established by the Court. However, the Defendants shall have an opportunity to raise their concerns regarding Plaintiff's Proposed Judgment. Defendants shall have five (5) business days following entry of this Order in which to submit a proposed judgment that directs a foreclosure sale of the Subject Properties and finds liability as to Nadlan, Schusterman, and Kohn. The Defendants are permitted to submit a concise five (5) page memorandum of law explaining the differences between the two proposed judgments.

Accordingly, the Court having reviewed the Motion, Response, and Reply and supporting documents, and determining there is no dispute of material facts, **ORDERS** that Plaintiff's Motion for Summary Judgment (Doc. 77) is **GRANTED**. Defendants shall have five (5) business days to submit a proposed judgment consistent with this Order and a concise, explanatory memorandum of law which is not to exceed five (5) pages.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 8, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party