# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATIONAL CREDIT UNION ADMINISTRATION BOARD,**

      **Plaintiff,**

**v.**                                                     **Case No:   6:13-cv-673-Orl-31GJK**

**NADLAN CORTEEN PLACE APARTMENTS, LLC, GERSHON SCHUSTERMAN, BARRY KOHN, PERKINS & MARIE CALLENDERS, LLC, S & A PROPERTIES, CORP., STEAK & ALE OF FLORIDA, INC and S & A RESTAURANT CORP.,**

      **Defendants.**

## ORDER

This matter is before the Court on Defendants' Motion to Stay the Foreclosure Sale of the Underlying Properties Pending Appeal ("Motion to Stay") (Doc. 114), the Plaintiff's Response in Opposition (Doc. 122[1]), and the Defendants' Reply (Doc. 130). At base, the Motion to Stay and the underlying appeal argue that the Court's April 4, 2014 ruling on subject matter jurisdiction ("Jurisdiction Order"[2]) was incorrect for various reasons.[3] (*See* Docs. 108 n.1; 114). For a motion to stay pending judicial review to be successful the Court must determine

---

[1] Initially filed as (Doc. 121) but refiled as (Doc. 122) to correct the selected document type.

[2] The Court notes the typographical error in the Jurisdictional Order, citing 28 U.S.C. § 1354 rather than 28 U.S.C. § 1345. The reasoning, case citations, and pleadings upon which the Order was based make clear that the statute relied upon was 28 U.S.C. § 1345.

[3] The Motion to Stay incorrectly cites 23 U.S.C. § 1354, which was plainly meant to be a citation to 28 U.S.C. § 1345 based on the quoted text. (*See* Doc. 114 at 5 (*quoting* 28 U.S.C. §

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

In this instance, the Plaintiffs have not shown that they are substantially likely to succeed on the merits of the appeal. Here the Court has jurisdiction pursuant to 28 U.S.C. § 1345 and this jurisdiction is not limited by any exception within 12 U.S.C. § 1789(a)(2). *See Fed. Sav. & Loan Ins. Corp. v. Ticktin*, 490 U.S. 82, 86, 109 S. Ct. 1626, 1628, 104 L. Ed. 2d 73 (1989) (evaluating language in 12 U.S.C. § 1730 nearly identical to 12 U.S.C. § 1789 and finding that it expands, rather than limits, subject matter jurisdiction beyond the bounds of 28 U.S.C. § 1345). The Court also has jurisdiction pursuant to 12 U.S.C. § 1789 and the exception in § 1789(a)(2) does not divest the Court of that jurisdiction. Regardless of how the exception in 12 U.S.C. § 1789(a)(2) interacts with the jurisdiction grant in that statute, it is plainly not applicable here. Accordingly, the Plaintiffs have not shown that they are likely to succeed. The Court has jurisdiction under both statutes, accordingly, success of the appeal is not likely.

Nor do the other factors weigh in the Defendants' favor. Admittedly, the underlying notes are in default. (Doc. 85 at 2-3). The debt is owed and the property was mortgaged as security for the loans. Plaintiff is entitled to foreclose and liquidate that security without further delay.

It is therefore,

---

1345)).

**ORDERED** that the Motion to Stay (Doc. 114) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 11, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party